IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CATHERINE DIANE HAUSERMAN,

    Plaintiff,

v.

CAROLYN W. COLVIN,[1] *Commissioner of Social Security*,

    Defendant.

13cv0050
**ELECTRONICALLY FILED**

## I. INTRODUCTION

Catherine D. Hauserman ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the final determination of the Commissioner of Social Security ("Defendant" or "Commissioner") denying her application for disability insurance benefits ("DBI") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433 and 1381 – 1383f ("Act"). This matter comes before the Court upon cross-motions for summary judgment. (Doc. Nos. 8 & 10). The record has been developed at the administrative level.[2] For the following reasons, Plaintiff's Motion for Summary Judgment (doc. no. 8) will be DENIED, and Defendant's Motion for Summary Judgment (doc. no. 10) will be GRANTED.

---

[1] Pursuant to Fed. R. Civ. P. 25(d).

[2] The Appeals Council considered Exhibit B13F in declining to review the decision of the ALJ. Thus, this Court may consider that evidence as well. *See Schilo v. Astrue*, 2010 WL 608018, *6 n.11 (W.D. Pa. Feb. 18, 2010).

## II. PROCEDURAL HISTORY

Plaintiff filed for DBI and SSI with the Social Security Administration on February 17, 2010, claiming an inability to work due to disability beginning March 19, 2008. (Transcript ("Tr.") at 123-31). Plaintiff was initially denied benefits on April 23, 2010. (Tr. 61-83). A hearing was scheduled for June 13, 2011. (Tr. 101-18). Plaintiff appeared to testify, and was represented by counsel. (Tr. 23-55). A vocational expert ("VE") also testified. (Id.). The Administrative Law Judge ("ALJ") issued his decision denying benefits to Plaintiff on August 8, 2011. (Tr. 9-22). Plaintiff filed a request for review of the ALJ's decision by the Appeals Council, which request was denied on December 26, 2012, thereby making the decision of the ALJ the final decision of the Commissioner. (Tr. 1-6).

Plaintiff filed her Motion for In Forma Pauperis status, and her Complaint in this Court on January 9 and 11, 2013. (Doc. Nos. 1 & 3). Defendant filed her Answer on April 8, 2013. (Doc. No. 5). Cross-motions for summary judgment followed. (Doc. Nos. 8 & 10).

## III. STATEMENT OF THE CASE

The ALJ made the following findings in denying Plaintiff's application for SSI:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2012. (Tr. 14);
2. The claimant has not engaged in substantial gainful activity since March 19, 2008, the alleged onset date (20 CFR 404.1571 *et seq*. 416.971 *et seq*.). (Id.);
3. The claimant has the following severe impairments: degenerative disc disease, spina bifida occulta, chronic obstructive pulmonary disease, obesity, dysthymia, and panic disorder (20 CFR 404.1520(c) and 416.920(c)). (Id.);
4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairment in 20 CFR 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). (Tr. 15);
5. After careful consideration of the entire record, [] the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that she must alternate between sitting and standing as needed and can perform no more than occasional postural activities such as climbing, crawling, kneeling, stooping, crouching, and

2

bending. She can do more than occasional pushing and pulling and cannot work in proximity to occupational hazards such as unprotected heights, dangerous machinery, ropes, ladders, and scaffolds. The claimant should not be exposed to environmental irritants, temperature extremes, excessive levels of humidity, and airborne irritants such as fumes, dust, smoke, and gases. She is limited to no more than simple, routine, repetitive tasks performed in a low stress work environment that is defined as no complex decisionmaking, no high volume productivity requirements, and very infrequent, unexpected changes in the work place. She is limited to jobs with no contact with the public, no more than occasional superficial contact with co-workers, and no more than occasional interaction with supervisors. (Tr. 16-17);
6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965). (Tr. 20);
7. The claimant was born on March 2, 1970, and was 38 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963). (Id.);
8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964). (Id.);
9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the climant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2). (Tr. 20-21);
10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416,969 and 416.969(a)); (Tr. 21); and
11. The claimant has not been under a disability, as defined in the Social Security Act, from March 19, 2008, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)) (Id.).

## IV. STANDARD OF REVIEW

This Court's review is plenary with respect to all questions of law. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007). With respect to factual issues, judicial review is limited to determining whether the Commissioner's decision is "supported by substantial evidence." 42 U.S.C. § 405(g); *Hagans v. Comm'r of Soc. Sec.*, 694 F.3d 287, 292 (3d Cir. 2012). A United States District Court may not undertake a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011) (citation omitted). Congress has clearly expressed its intention

that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). As long as the Commissioner's decision is supported by substantial evidence, it cannot be set aside even if this Court "would have decided the factual inquiry differently." *Brown v. Astrue*, 649 F.3d 193, 196 (3d Cir. 2011) (quoting *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)). "Overall, the substantial evidence standard is a deferential standard of review." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).

In order to establish a disability under the Act, a claimant must demonstrate a "medically determinable basis for an impairment that prevents him [or her] from engaging in any 'substantial gainful activity' for a statutory twelve-month period." *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 545 (3d Cir. 2003) (quoting *Stunkard v. Sec'y of Health & Human Serv.*, 841 F. 2d 57, 59 (3d Cir. 1988)); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is considered to be unable to engage in substantial gainful activity "only if his [or her] physical or mental impairment or impairments are of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To support his or her ultimate findings, an administrative law judge must do more than simply state factual conclusions. He or she must make specific findings of fact. *Brown*, 649 F.3d at 197. The administrative law judge must consider all medical evidence contained in the

4

record and provide adequate explanations for disregarding or rejecting evidence. *Jones,* 364 F.3d at 504-05.

The Social Security Administration, acting pursuant to its legislatively delegated rule-making authority, has promulgated a five-step sequential evaluation process for the purpose of determining whether a claimant is "disabled" within the meaning of the Act. The United States Supreme Court summarized this process as follows:

> If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further. At the first step, the agency will find non-disability unless the claimant shows that he is not working at a "substantial gainful activity."[20 C.F.R.] §§ 404.1520(b), 416.920(b). At step two, the SSA will find nondisability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." §§ 404.1520(c), 416.920(c). At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. §§ 404.1520(d), 416.920(d). If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled. If the claimant survives the fourth stage, the fifth, and final, step requires the SSA to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. §§ 404.1520(f), 404.1560(c), 416.920(f), 416.960(c).

*Barnhart v. Thomas*, 540 U.S. 20, 24 – 25 (2003) (footnotes omitted).

In an action in which review of an administrative determination is sought, the agency's decision cannot be affirmed on a ground other than that actually relied upon by the agency in making its decision. In *Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194 (1947), the United States Supreme Court explained:

> When the case was first here, we emphasized a simple but fundamental rule of administrative law. That rule is to the effect that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more

> adequate or proper basis. To do so would propel the court into the domain which Congress has set aside exclusively for the administrative agency.

*Chenery Corp.*, 332 U.S. at 196.

The United States Court of Appeals for the Third Circuit has recognized the applicability of this rule in the Social Security disability context. *See John Balko & Assocs. v. Sebelius*, 2012 WL 6738246, *4 (W.D. Pa. Dec. 28, 2012) (citing *Fargnoli v. Massanari*, 247 F.3d 34, 44, n. 7 (3d Cir. 2001)). Thus, the Court's review is limited to the four corners of the ALJ's decision.

## V. DISCUSSION

Plaintiff objects to the determination of the ALJ, arguing: (1) the ALJ improperly disregarded the medical opinion of Plaintiff's treating physician; (2) the ALJ improperly determined Plaintiff's residual functional capacity (RFC); (3) the ALJ improperly disregarded the testimony of the vocational expert ("VE") and relied on an incomplete hypothetical; and (4) the ALJ improperly evaluated Plaintiff's complaints of pain. Doc. No. 9, 10-18. Defendant counters that the ALJ had substantial evidence to support his RFC determination, that the ALJ properly weighed the medical opinions of record and considered all of Plaintiff's symptoms to the extent they could reasonably be accepted as consistent with the objective medical evidence, and that substantial evidence supports the ALJ's credibility analysis.

When rendering a decision, an ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the factual basis underlying the ultimate disability finding. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000) (citing *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)). The ALJ need only discuss the most pertinent and relevant evidence bearing upon a claimant's disability status, but must provide sufficient discussion to allow the Court to determine whether any rejection of potentially pertinent and relevant evidence was proper. *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 203-

6

04 (3d Cir. 2008) (citing *Burnett*, 220 F.3d at 121; *Cotter*, 642 F.2d at 706)). In the present case, the ALJ adequately met his responsibilities under the law.

    A.    <u>Consideration of Treating Physician's Opinion</u>

Plaintiff first contends that the ALJ improperly disregarded the testimony of her treating physician. As the United States Court of Appeals for the Third Circuit has stated "[t]reating physician's reports should be accorded great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 506 (3d Cir. 2009) (alteration in original) (internal quotation marks and citation omitted). However, a treating physician's opinions are not "entitled to controlling weight [if] they are inconsistent with the other substantial evidence in the record." *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 202 (3d Cir. 2008).

Plaintiff's treating physician, Dr. Michael Fiorina, supplied a Medical Source Statement on May 25, 2010. (Tr. 422-26) The ALJ considered the report of Dr. Fiorina, stating that:

> As for the opinion evidence, Dr. Fiorina completed a form indicating that the claimant is able to lift and carry less than 10 pounds, stand and walk less than 2 hours, sit less than 6 hours, and can never climb, kneel, crouch, crawl or stoop (Exhibit B12F). I give this opinion little weight because it is not supported by Dr. Fiorina's treatment notes and the totality of the evidence showing that the claimant has relatively normal physical exams with the only abnormalities being tenderness in the lumbar spine and occasional reduced lumbar range of motion. There is no evidence that the claimant is unable to perform all postural activities, as the claimant herself testified that she is able to walk around her home occasionally and switch positions between lying and sitting frequently throughout the day.

(Tr. 20) Plaintiff argues that Dr. Fiorina's treatment notes and the totality of the evidence supports Dr. Fiorina's statement and, therefore, the ALJ was required to give substantial weight to Dr. Fiorina's statement.

7

The medical records contained in Dr. Fiorina's files support the ALJs determination that Dr. Fiorina's statement contradicted his treatment notes and the totality of the evidence. For example, treating notes from other physicians, which Dr. Fiorina had in his files, showed that Plaintiff had a regular heart rate and rhythm. (Tr. 325) Plaintiff's lungs were clear and had sufficient strength and range of motion in her arms and legs. (Tr. 325) Plaintiff's blood work was relatively normal and her EKG was also normal. (Tr. 335) Dr. Fiorina's own treatment notes support the ALJs finding that Dr. Fiorina treated Plaintiff for her lower back pain and breathing problems. (Tr. 275-98) Dr. Fiorina's only support for his statement regarding Plaintiff's ability to work was that "MRI on 8/6/08 [revealed] spina bifida occulta." (Tr. 424) However, the MRI report stated that the finding was a "coincidental and benign finding." (Tr. 215) The other findings from the MRI were of "questionable significance." (Id.)

Because the record supports the ALJ's finding that Dr. Fiorina's statements "are inconsistent with the other substantial evidence in the record" the ALJ properly considered what weight to give that statement. *Johnson*, 529 F.3d at 202. Substantial evidence exists within the record to support the ALJ's decision to give Dr. Fiorina's statement "little weight," and thus the Court may not disturb the ALJ's finding in this respect.

  B. <u>Determination of Residual Functional Capacity</u>

Plaintiff next avers that the ALJ incorrectly determined her RFC. Plaintiff argues that because Dr. Fiorina opined that she could not stand and/or walk for more than two hours in a workday and that she could not sit for more than six hours in a workday that she was *de facto* eligible for SSI and DIB. She further argues that in a sedentary job an individual must be able to lift more than 10 pounds. Finally, she argues that the RFC fails to account for her postural limitations. All of these arguments are without merit.

Plaintiff's argument is based solely upon Dr. Fiorina's statement. However, as discussed above, the ALJ properly gave this statement little weight as the voluminous medical records were inconsistent with Dr. Fiorina's statement. Thus, the ALJ properly considered the treating notes and other records of Dr. Fiorina, along with other medical records and evidence presented at the hearing, in determining Plaintiff's RFC. Furthermore, Plaintiff ignores 20 C.F.R. §§ 404.1527(c)(5) and 416.927(c)(5), which state that the Commissioner "generally give[s] more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." *See Morganti v. Colvin*, 2013 WL 1758784, *5 (N.D. Cal. Apr. 24, 2013); *Ridio v. Colvin*, 2013 WL 1703062, *11 (C.D. Cal. Apr. 19, 2013); *Blessing v. Astrue*, 2013 WL 316153, *5 (W.D. Wash. Jan. 28, 2013); *Christy v. Astrue*, 2012 WL 6025717, *8 (W.D. Wash. Dec. 4, 2012).

With respect to the limitations on sitting and standing, the ALJ carefully considered Plaintiff's limitations. The ALJ noted in the RFC that Plaintiff must be able to alternate between sitting and standing as needed. Dr. Dicianno, an expert in spina bifida, stated that Plaintiff was able to walk throughout her house and in public. (Tr. 328-29) Dr. Dicianno further stated that Plaintiff had no neurological deficiencies and that her pain could be alleviated via muscle relaxers. (Id.) The ALJ was well within his province to give more weight to this medical evidence when determining that Plaintiff was capable of standing and sitting for more than 8 hours in a workday.

With respect to her ability to lift more than ten pounds, Dr. Dicianno's report stated that Plaintiff had normal strength. (Tr. 328) Dr. Fiorina's only support for his assertion that Plaintiff could not lift more than ten pounds was her spina bifida. As the spina bifida expert's report indicates she has normal strength, the ALJ's decision is consistent with the regulations that give

more weight to an expert's evaluation than a general practitioner. 20 C.F.R. §§ 404.1527(c)(5) and 416.927(c)(5).

Finally, the ALJ properly accounted for Plaintiff's postural limitations. As recited above, the RFC contained the following limitation, "no more than occasional postural activities such as climbing, crawling, kneeling, stooping, crouching, and bending." (Tr. 16) The report from Butler Memorial Hospital shows that although she had limitations with respect to posture, these limitations were not as severe as reported by Dr. Fiorina. (Tr. 192) Those records also indicate that at the time Dr. Fiorina agreed with the nurse practioner regarding Plaintiff's limitations. (Id.) The report of an orthopedic surgeon, an expert in the field of motion for posture, agreed that she had almost full range of motion and listed no posture limitations. (Tr. 376) Finally, Plaintiff's own testimony at the hearing supports the RFC regarding postural limitations as she testified that she can frequently switch postures during the day. The ALJ correctly weighed all of the evidence when determining Plaintiff's postural limitations and included a reasonable limitation within the RFC. This limitation is supported by substantial evidence.

In sum, Plaintiff is attempting to have a statement by one treating physician, which contradicts all of the other medical evidence of record, determine the RFC for the ALJ. However, the ALJ properly considered all of the necessary factors when determining Plaintiff's RFC. His well-reasoned RFC is supported by substantial evidence and, thus, this Court will not disturb that finding. 42 U.S.C. § 405(g).

    C.    <u>Vocational Expert-Hypothetical Questions</u>

Plaintiff next argues that the ALJ disregarded the Vocational Expert's ("VE's") testimony and that the VE relied upon an incomplete hypothetical. Plaintiff's argument in this regard is solely based upon the assumption that the RFC was inaccurate. For example, Plaintiff

argues that the ALJ failed to consider the testimony of the VE that an individual who could not sit or stand for eight hours a day would not be employable in the national economy. However, as detailed above, the ALJ properly determined that Plaintiff could sit and stand for a full eight hour work day. The VE's answers to the ALJ's questions were all hypotheticals that were not applicable after the ALJ determined Plaintiff's ALJ. The VE's testimony regarding hypotheticals that were consistent with Plaintiff's RFC were all properly considered by the ALJ. Thus, the ALJ's hypothetical questions to the VE and his consideration thereof is supported by substantial evidence. Accordingly, this Court may not disturb that determination. 42 U.S.C. § 405(g).

D.  Plaintiff's Subjective Complaints of Pain

Plaintiff's final argument for reversal is that the ALJ improperly evaluated Plaintiff's complaints of pain. As the Honorable Nora Barry Fischer explained in another of Plaintiff's counsel's cases:

> In making a determination under step four, an ALJ is required to evaluate a claimant's subjective claimants about the intensity, persistence, and limiting effects of the alleged symptoms. *Malloy v. Comm'r of Soc. Sec.,* 306 F. App'x 761, 765 (3d Cir. 2009) (citing *Van Horn v. Schweiker,* 717 F.2d 871, 873 (3d Cir. 1983)); *see also* 20 C.F.R. §§ 404.1529(d)(4), 416.929(d)(4). Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. § 404.1529(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible based on the medical record and other evidence regarding the true extent of the pain alleged, so long as he explains why he is rejecting the testimony. *Schaudeck v. Comm'r of Soc. Sec.,* 181 F.3d 429, 433 (3d Cir. 1999); SSR 96–7p. An ALJ's credibility finding is entitled to deference and should not be disturbed lightly, given his opportunity to observe a claimant's demeanor. *Reefer v. Barnhart,* 326 F.3d 376, 380 (3d Cir. 2003).

*Gibson v. Astrue*, 2010 WL 1257456, *11 (W.D. Pa. Mar. 30, 2010).

In this case, the ALJ found that "the record reflects that [Plaintiff] has made inconsistent statements regarding matters relevant to the issue of disability. [Plaintiff]

testified that her doctors have not recommended anything other than medication for her pain but [Plaintiff] was offered injections by two different physicians which she refused." (Tr. 20) (citing the record). Furthermore, although Plaintiff consistently told doctors that her pain was a 9 out of 10, all of the medical exams showed little if any objective medical support for these subjective statements. When combined with Plaintiff's refusal to take injections offered by two of her physicians to reduce her pain, the ALJ had a rational basis to discredit Plaintiff's statements. As substantial evidence in the record supports the ALJ's conclusion with respect to Plaintiff's subjective complaints of pain, this Court will not disturb his finding. *Reefer*, 326 F.3d at 380.

## VI. CONCLUSION

Based upon the foregoing, the Court finds that ALJ's decision is supported by substantial evidence. The Court has considered all of Plaintiff's arguments and finds them without merit. Accordingly, Plaintiff's Motion for Summary Judgment (doc. no. 8) will be DENIED, and Defendant's Motion for Summary Judgment (doc. no. 10) will be GRANTED. The decision of the ALJ will be affirmed. An appropriate Order follows.

s/ Arthur J. Schwab<br>
Arthur J. Schwab<br>
United States District Judge

cc/ecf: All counsel of record.